IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LARRY JOE McELHANEY | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1186 |
| | | Crim. No. 6:13cr114(1) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Larry McElhaney, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255 complaining of the validity of his conviction. This court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

McElhaney was charged with conspiracy to possess with intent to distribute over 500 grams of methamphetamine, possessing a firearm during a drug trafficking crime, and being a felon in possession of a firearm. On February 3, 2015, he entered a binding Rule 11(c)(1)(C) plea for an agreed sentence of 160 months in prison; however, counsel filed objections to the pre-sentence report, which calculated his guideline range at 121 to 151 months. The parties then negotiated a revised non-binding plea and McElhaney was allowed to replead on December 3, 2015. On December 17, 2015, he received a sentence of 151 months in prison on Count One of the indictment, with the other two counts being dismissed.

McElhaney raises three grounds for relief in his motion to vacate or correct sentence. These are: (1) counsel provided ineffective assistance for failing to demonstrate to the Court that

McElhaney was incorrectly sentenced under 28 U.S.C. §841(b)(1)(A) rather than §841(b)(1)(B) because he had pleaded guilty only to 169.7 grams of methamphetamine, (2) his 151 month sentence is illegal under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) because his mandatory minimum sentence was increased from five to 10 years, and (3) he received ineffective assistance of counsel when his attorney, Mark Perez, failed to file a direct appeal as requested.

The Government filed an answer contesting McElhaney's first two claims and stating that an evidentiary hearing should be conducted on the third claim. *See United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). Deborah Race was appointed as counsel for McElhaney and a hearing was conducted on June 26, 2018.

## II. The Report of the Magistrate Judge

After hearing the testimony and reviewing the pleadings, the Magistrate Judge issued a Report recommending that McElhaney's motion to vacate or correct sentence be denied. The Magistrate Judge stated that although McElhaney argued that he had pleaded guilty to distributing 169.7 grams of a mixture or substance containing a detectable amount of methamphetamine, he had in fact pleaded guilty to conspiracy to possess with intent to distribute and distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. The factual resume which McElhaney signed states that "I admit that I distributed and/or joined with others in distributing 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine."

Consequently, the pre-sentence investigation report states that "the defendant has admitted being responsible for at least 500 grams of methamphetamine." In discussing McElhaney's overt acts, the pre-sentence report stated that McElhaney had admitting to selling one pound [453.6 grams] of methamphetamine to an individual named Sampson and that after the sale of this amount, the methamphetamine still in McElhaney's car had a field weight of 169.7 grams. The Magistrate Judge stated that these amounts total over 500 grams.

2

Furthermore, the Magistrate Judge stated that McElhaney's claim in this regard was barred by the waiver of appeal provision contained in his guilty plea. Citing *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002), the Magistrate Judge stated that while an ineffective assistance claim will survive an appeal waiver where the alleged ineffectiveness directly affects the validity of the waiver or the plea itself, a claim of ineffective assistance of counsel at sentencing does not implicate the validity of the plea itself and thus is barred by the waiver. The Magistrate Judge concluded that McElhaney failed to show that the alleged ineffectiveness of counsel related to the voluntariness of the guilty plea, particularly in light of McElhaney's signing of the factual resume and his statements during the pre-sentence investigation. Nor did McElhaney offer anything to suggest that his acceptance of the waiver was anything other than knowing and voluntary.

Second, McElhaney argued that under *Apprendi* and *Alleyne*, any facts which increased the mandatory maximum or the mandatory minimum sentences must be admitted by the defendant or submitted to a jury and proven beyond a reasonable doubt. Because he pleaded guilty to only 169.7 grams or, alternatively, because only this amount was attributable to him, McElhaney maintained that he should have had only a five-year minimum sentence, but his sentence included a 10-year mandatory minimum.

The Magistrate Judge concluded that this claim lacked merit because McElhaney signed the factual resume admitting responsibility for at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine and the pre-sentence investigation report made clear that he admitted responsibility for this amount. In addition, the Magistrate Judge stated that this claim was also barred by the waiver of appeal, *citing United States v. Araromi*, 477 F.App'x 157, 2012 U.S. App. LEXIS 8256, 2012 WL 1414343 (5th Cir., April 24, 2012) (*Apprendi* claim was barred by defendant's waiver of appeal) *and United States v. Tydus*, 574 F.App'x 294, 2014 U.S. App. LEXIS 11583, 2014 WL 2767591 (5th Cir., June 19, 2014) (rejecting challenge to validity of waiver of appeal, which waiver barred the defendant's claim under *Alleyne*).

McElhaney's third ground for relief involved the alleged failure of his attorney, Mark Perez, to file a notice of appeal after being asked to do so. He testified at the evidentiary hearing that after sentencing, Perez asked him if he wished to appeal and he said yes, but when he heard nothing, he wrote to Perez and the Clerk of the Court and learned that no appeal had been filed.

Perez also appeared at the hearing and testified that when he asked if McElhaney wished to appeal, McElhaney said no. Perez stated that has defended criminal cases for more than 20 years and that he always files appeals when clients request that he do so. He stated in an affidavit that he has filed many notices of appeal, worked on a number of appeals, and has argued two cases before the Fifth Circuit Court of Appeals.

After receiving McElhaney's letter, Perez stated that he reviewed his notes and found no indication of any request for an appeal. He wrote to McElhaney and told him that no appeal had been filed because none had been requested, McElhaney had waived most of his appellate rights, and there were no real issues to appeal.

After reviewing the pleadings, the testimony, Perez's affidavit, and the records of the criminal case, the Magistrate Judge determined that McElhaney failed to meet his burden of proof to show that he had requested an appeal but Perez failed to file one. *See Tapp*, 491 F.3d at 266 (in order to prevail, the petitioner must demonstrate by a preponderance of the evidence that he requested an appeal but counsel did not file one). In this case, the Magistrate Judge stated that the evidence was at best equally balanced, if not tilting slightly toward Perez; thus, McElhaney fell short of the preponderance of the evidence standard.

Likewise, the Magistrate Judge determined that McElhaney failed to show by a preponderance of the evidence that Perez did not consult sufficiently with him about filing an appeal or that but for such a failure, he would have timely appealed. *See United States v. Bejarano*, 751 F.3d 280, 285-86 (5th Cir. 2014). The Magistrate Judge therefore recommended that McElhaney's motion to vacate or correct sentence be denied.

**III. McElhaney's Objections**

In his objections, filed by counsel, McElhaney first argued that in order for a sentencing court to attribute a certain quantity of drugs to a defendant, the court must make two separate findings - the quantity of drugs in the entire operation, and the amount which each defendant knew or should have known was involved in the conspiracy, citing *United States v. Quiroz-Hernandez*, 48 F.3d 858, 870 (5th Cir. 1995). Thus, McElhaney argues that the fact he pleaded guilty to a charge of a conspiracy involving over 500 grams of methamphetamine is not determinative of the amount actually attributable to him.

McElhaney cites *United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995) as providing that a district court may adopt facts contained in the pre-sentence report without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence. He concedes that he did not file a specific objection to this paragraph, but states that at sentencing, his attorney told the Court that the pre-sentence investigation report held him accountable for 169.7 grams, although he had pleaded to the indictment charging over 500 grams. He states that "McElhaney's counsel considered only 169.7 [sic] attributable to McElhaney and rebutted any conclusion to the contrary," but cites only the argument of counsel and does not point to any evidence offered for rebuttal.

McElhaney states that at sentencing, there were no questions asked and no findings made regarding the amount of drugs attributable to him. He acknowledges the statement in the factual resume admitting that he "distributed and/or joined with others in distributing 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine," but says "this statement does not admit to the entire 500 grams being attributable to him either." He argues that this leaves only the statement in the pre-sentence investigation report saying that McElhaney was interviewed by agents and admitted to selling one pound of methamphetamine to Sampson as the only evidence that 500 grams or more were attributable to him; however, McElhaney argues that this statement alone is not an adequate evidentiary basis because the pre-sentence report does not

5

identify the circumstances of the interview, the time frame of the sale to Sampson, or the purity of the methamphetamine in question.

With regard to the waiver of appeal, McElhaney argues that *United States v. Tydus* is unpublished and should not be considered precedent, and that counsel could not find any published case in which the Fifth Circuit held that an *Apprendi* challenge could not be raised in a motion to vacate or correct sentence under 28 U.S.C. §2255. Even were this the case, McElhaney argues that he still should be allowed to proceed based upon his argument that counsel was ineffective for failing to raise an objection or otherwise challenge the decision to sentence McElhaney based on 500 grams. He contends that had counsel insisted on getting the test results and objected to the consideration of the additional one pound referenced in the pre-sentence report, McElhaney's sentence would have been different. McElhaney points out that the Eleventh Circuit has recently granted a certificate of appealability and held that the defendant was entitled to an evidentiary hearing on a claim that counsel was ineffective for failing to challenge the quantity of methamphetamine attributed to him, citing *Griffith v. United States*, 871 F.3d 1321, 1330-31 (11th Cir. 2017); however, that case did not involve a guilty plea and did not have a waiver of appeal provision. Finally, McElhaney argues that he is entitled to a certificate of appealability.

**IV. Discussion**

The Fifth Circuit has made clear that challenges to the drug quantity attributed to a defendant in the pre-sentence report are barred by waiver of appeal provisions. *See, e.g.*, *United States v. Sanders*, 743 F.App'x 563, 2018 U.S. App. LEXIS 33496, 2018 WL 6264376 (5th Cir., November 29, 2018) (challenge to drug quantity finding was barred by the waiver of appeal, *citing United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014) and *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. Townsend*, 667 F.App'x 514, 2016 U.S. App. LEXIS 13723 (5th Cir., July 28, 2016) (dismissing appeal based on appellate waiver in the plea agreement where appellant claimed that the district court erred in assessing the relevant drug quantity in order to determine the base offense level).

In his plea agreement, McElhaney waived the right to appeal his conviction and sentence on all grounds and also agreed not to contest his sentence in a proceeding under 28 U.S.C. §2255. His ineffective assistance claim can survive this waiver only if he shows that the alleged ineffectiveness directly affects the validity of the waiver or the plea itself. *White*, 307 F.3d at 343. McElhaney's objections do not assert that the alleged ineffective assistance of counsel affected the validity of the waiver of appeal provision or the validity of his guilty plea; on the contrary, he states that "his court-appointed counsel was ineffective for failing to raise an objection or otherwise challenge the decision to *sentence* McElhaney to a sentence based on 500 grams or more of methamphetamine" (emphasis added). He also claims that "had counsel insisted on getting the test results and also objected to the consideration of the additional one pound reflected in the PSI, McElhaney's *sentence* would have been different" (emphasis added).

In *White*, the movant sought §2255 relief alleging that the Government had failed to provide lab reports establishing the quantity of drugs, and that he received ineffective assistance of counsel because his attorney had failed to point out this shortcoming. The Fifth Circuit determined that the movant was challenging the effectiveness of counsel at sentencing and not the validity of his plea, and concluded that his claims were barred by the waiver of appeal. *White*, 307 F.3d at 343.

Likewise, McElhaney's claims of ineffective assistance of counsel and of alleged violations of *Apprendi* and *Alleyne* relate to the sentencing proceeding and do not implicate the validity of his plea of guilty or his waiver of the right to appeal. As such, these claims are barred by the waiver of appeal provision in McElhaney's plea agreement, and his objections to the Magistrate Judge's Report on these grounds are without merit.

Even apart from the waiver, McElhaney's claim lacks merit on its face. As McElhaney asserts, the Fifth Circuit has held that drug-conspiracy defendants should be sentenced based upon the drug quantities attributable to them as individuals, not the quantity attributable to the entire conspiracy. *United States v. Haines*, 803 F.3d 713, 739 (5th Cir. 2015). In the present case, McElhaney admitted to responsibility for distributing and joining with others to distribute 500 grams

or more of methamphetamine. This admission is sufficient to attribute the quantity of 500 grams to him. In *United States v. Gonzalez*, 670 F.App'x 318, 2016 U.S. App. LEXIS 20288 (5th Cir., November 10, 2016), the defendant Ricardo Gonzalez complained that the trial court erred by imposing a statutory-minimum sentence of 120 months without finding that the amount of marijuana attributable to him met the 1,000 kilogram threshold for it. In rejecting this claim, the Fifth Circuit stated that "further, Gonzalez did not object to the PSR's determination of the amount attributable to him for the statutory minimum, Consistent with Gonzalez' guilty plea, the PSR noted that, in a presentencing interview, he admitted to conspiring with others to possess with intent to distribute more than 1,000 kilograms of marijuana." *See also United States v. Stewart*, 722 F.App'x 386, 2018 U.S. App. LEXIS 12788, 2018 WL 2277817 (5th Cir.,May 17, 2018) (where no evidence is offered to show that the pre-sentence report is unreliable, the district court is entitled to adopt the facts contained in the PSR without further inquiry; thus, there was no error in attributing 0.5 ounces of crack cocaine to the defendant based upon an unrebutted factual determination in the PSR).

In the present case, the pre-sentence investigation report stated that as a portion of the factual resume, McElhaney admitted to responsibility for distributing and joining with others to distribute 500 grams or more of methamphetamine. He was interviewed by the probation officer and admitted that the information contained in the factual resume was true and correct. The pre-sentence report designated the offense as arising under 18 U.S.C. §841(b)(1)(A), with a sentencing range of 10 years to life, which is consistent with a quantity of 500 grams or more. The pre-sentence report also stated in the offense level computation section that McElhaney had admitted to being responsible for at least 500 grams of methamphetamine. No objections were raised to these determinations. At sentencing, the court adopted the pre-sentence report in its entirety, with the exception of striking one criminal history point based on a Class C misdemeanor. The court specifically found that "the report contains an indicia of reliability to support its probable accuracy - a sufficient indicia of reliability to support its probable accuracy, and the facts stated in the report are true by a preponderance of the evidence." (Sentencing Transcript, docket no. 842, p. 7).

As in *Gonzalez*, McElhaney's admission of responsibility for at least 500 grams of methamphetamine is sufficient to support the sentencing range and the Guideline range even were this issue not waived by the appeal waiver. His first two objections are without merit.

McElhaney did not object to the Magistrate Judge's Report concerning the disposition of his *Tapp* claim. Consequently, he is barred from *de novo* review by the District Judge of this finding, conclusion, and recommendation, and, except upon grounds of plain error, from appellate review of this unobjected-to findings and conclusion, which is accepted and adopted by the District Court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Movant objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Movant's objections are without merit. It is accordingly

**ORDERED** that the Movant's objections are overruled and the Report of the Magistrate Judge (docket no. 16) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled motion to vacate or correct sentence is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Movant Larry McElhaney is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** April 21, 2019.

_____
Ron Clark, Senior District Judge